UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEAN J. WINGERS,

    Petitioner,

    v.                                               Case No. 24-C-195

CHRISTINE SUTER,[1]

    Respondent.

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

On February 12, 2024, Petitioner Dean J. Wingers, who was then incarcerated at the Chippewa Valley Correctional Treatment Facility, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from two separate but related state court convictions. Wingers' first conviction was for counts of manufacturing and possessing drug paraphernalia to manufacture methamphetamine, and felony bail jumping. His second conviction was for one count of felony intimidation of a witness. He was ultimately sentenced to 20 years of initial confinement and 15 years extended supervision. Wingers has since been released but remains "in custody" for purposes of the habeas corpus statute as he is subject to extended supervision. *Jones v. Cunningham*, 371 U.S. 236, 242, (1963). On initial review, the court noted that it appeared the petition was time-barred but was unable to make a determination on the record before it. Respondent now moves to dismiss the petition on the ground that it is time-barred. For the reasons that follow, Respondent's motion will be granted.

---

[1] Because Petitioner has been released on extended supervision, the Clerk is directed to amend the docket to reflect the proper Respondent: Lance Wiersma, Administrator of the Division of Community Corrections of the Wisconsin Department of Corrections.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for filing a habeas petition in federal court. 28 U.S.C. § 2244(d). A petition that is filed after the one-year period is time-barred and must be dismissed. *Id.* Under AEDPA, the one-year period generally begins to run on "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Dodd v. United States*, 545 U.S. 353, 357 (2005). AEDPA, however, also allows for tolling of the one-year period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). But the time period is not tolled by post-conviction or collateral review that is commenced after the one-year period's expiration. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

A court may also equitably toll the one-year period. "[E]quitable tolling is granted sparingly only when extraordinary circumstances far beyond the litigant's control prevented timely filing." *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) (citing other sources). To establish "extraordinary circumstances," a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Thus, the court must determine when Wingers' convictions became final such that the statute of limitations began to run, and also if the one-year period was tolled pursuant to 28 U.S.C. § 2244(d)(2) or as a matter of equity.

Wingers' first judgment of conviction was entered on February 4, 2008. Dkt. No. 13-1 at 4–6. After the Wisconsin Court of Appeals granted two extensions of time, Wingers' deadline to

file a post-conviction motion or notice of appeal was December 19, 2008. *State v. Dean J. Wingers Appeal Number 2008XX903-CR*, Wis. Ct. Sys. Sup. Ct. & Ct. App. Access, https://wscca.wicourts.gov (last visited Nov. 19, 2024)); *see also* Wis Stat. § 974.02. Wingers missed that deadline. Thus, Wingers' first conviction became final on December 20, 2008—the day after the applicable deadline was missed. *See Farmer v. Litscher*, 303 F.3d 840 845–46 (7th Cir. 2002). Wingers' habeas clock began running the same day.

The clock ran for 189 days until June 27, 2009, when Wingers filed a motion to request early eligibility for Wisconsin's Earned Release Program (ERP). *See State of Wisconsin v. Dean J. Wingers*, Wis. Cir. Ct. Access, https://wcca.wicourts.gov (last visited Nov. 20, 2024). Respondent argues that even assuming that this motion qualifies as "State post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2), Wingers' habeas petition would still be fatally late because it would only toll the one-year limitation period by the two months it took the trial court to deny his request. Respondent is correct. Wingers' petition is late even if his motion requesting early eligibility for the ERP did toll the one-year limitation period. But it did not.

The court looks to Wisconsin law to determine whether a given motion is an application for post-conviction or collateral review. *See Carey v. Saffold*, 536 U.S. 214, 223 (2002). Wis. Stat. § 974.06 governs post-conviction and collateral review and allows a defendant to "move the court . . . to vacate, set aside or correct [a] sentence." Wis. Stat. § 974.06(1). The Supreme Court of Wisconsin has "repeatedly held that postconviction review under § 974.06 is applicable only to jurisdiction or constitutional matters or to errors that go directly to the issue of the defendant's guilt." *Cresci v. State*, 89 Wis. 2d 495, 278 N.W.2d 850, 855 (1979) (cleaned up) (citing another source).

Here, Wingers' June 27, 2009 motion requesting early eligibility did not seek to address an error directly related to his guilt; rather, the motion sought to make him eligible for an early release mechanism. *See State v. Lynch*, 2006 WI App 231, ¶¶ 18–20, 297 Wis. 2d 51, 724 N.W.2d 656 (discussing the purposes of the ERP); About the Earned Release Program, Wis. Dep't of Corr., https://doc.wi.gov/Documents/TownHalls/About/About%20ERP.pdf (last visited Nov. 20, 2024). Consequently, Wingers' motion did not toll his habeas clock, which continued to run till its expiration on December 20, 2009.

Wingers' second judgment of conviction was entered on February 28, 2008. Dkt. No. 13-1 at 2–3. Wingers did not file a notice of intent to file a post-conviction motion or notice of appeal within the time required by Wis. Stat. § 974.02. *See also* Wis. Stat. § 809.30(2)(b). Therefore, his conviction became final on March 19, 2008. *Farmer*, 303 F.3d at 845–46. Over the next year, Wingers did not file any applications for post-conviction or collateral review. Thus, the period of limitation ran on March 19, 2009.

Wingers is also not entitled to equitable tolling. Nothing in the record permits the court to conclude that Wingers faced any impediment to appeal or that the factual predicates of his claims are newly discovered. While Wingers does discuss the merits of his claims and refers to his 10th grade education level and history of head injuries, he fails to state why he could not bring his claims earlier. Additionally, Winger's lack of education and alleged mental infirmity are not sufficiently "extraordinary." *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001), overruled on other grounds by *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001). The court therefore cannot conclude that the circumstances of this case warrant applying the doctrine of equitable tolling.

Wingers did not file his federal habeas petition until February 12, 2024, some 14 years after the one-year statute of limitations had run on both of his pertinent convictions. Neither statutory nor equitable tolling are appropriate. Accordingly, Wingers' petition is time-barred and must be dismissed. Respondent's motion to dismiss (Dkt. No. 12) is therefore **GRANTED**.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). The court concludes that its decision is neither incorrect nor debatable among jurists of reason. Accordingly, a certificate of appealability will be denied.

This order and the judgment to follow are final. Petitioner may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Petitioner decides to appeal, he should also request that the court of appeals issue a certificate of appealability. Fed. R. App. P. 22(b).

**SO ORDERED** at Green Bay, Wisconsin this <u>22nd</u> day of November, 2024.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge